**PUBLIC CITIZEN HEALTH RESEARCH GROUP et al., Plaintiffs,**

v.

**Ray MARSHALL, Secretary of Labor, et al., Defendants.**

**Civ. A. No. 79–2581.**

United States District Court, District of Columbia.

Feb. 13, 1980.

John Cary Sims, Robert B. Stulberg, Alan B. Morrison, Washington, D. C., for plaintiffs.

Carl S. Rauh, U. S. Atty., Royce C. Lamberth, Kenneth M. Raisler, Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Allen H. Feldman, Lorelei J. Borland, Wasington, D. C., for defendant Secretary of Labor.

John H. Pickering, Andrew T. A. Macdonald, Washington, D. C., for defendant-intervenor Chemical Manufacturers Association.

## ORDER

CHARLES R. RICHEY, District Judge.

This case is before the Court on plaintiffs' motion for summary judgment. Defendants have also moved for summary judgment or, in the alternative, a dismissal of plaintiffs' complaint. Because the Court is unable to accept plaintiffs' interpretation of the two statutes on which their complaint rests, it will grant defendants' motion to dismiss.

Plaintiffs here are the Public Citizen Health Research Group, the Philadelphia Area Project on Occupational Safety and Health, and Representative Andrew McGuire of New Jersey's Seventh Congressional District. In this suit they are trying to compel the defendant Secretary of Labor to promulgate regulations which would compel employers to inform employees of the level and identity of toxic substances in their workplaces. Their suit rests on two subsections of the Occupational Safety and Health Act of 1970 ("the Act"). First, section 8(c)(3), 29 U.S.C. § 657(c)(3) provides in pertinent part:

> The Secretary, in cooperation with the Secretary of Health, Education, and Welfare, shall issue regulations requiring employers to maintain accurate records of employee exposures to potentially toxic materials or harmful physical agents which are required to be monitored or measured under section 655 of this title. Such regulations shall provide employees or their representative with an opportunity to observe such monitoring or measuring, and to have access to the records thereof.

Section 8 of the Act concerns inspections and recordkeeping; subsection (c) deals with the employer's obligation to maintain records of toxic materials and to allow employees to inspect those records. Plaintiffs' claim also relies on section 6(b)(7), 29 U.S.C. § 655(b)(7), which provides in pertinent part:

> (7) Any standard promulgated under this subsection shall prescribe the use of labels or other appropriate forms of warning as are necessary to insure that employees are apprised of all hazards to which they are exposed, relevant symptoms and appropriate emergency treatment, and proper conditions and precautions of safe use or exposure.

Section 6(b) of the Act authorizes the Secretary of Labor to promulgate "any occupational safety or health standard;" it also sets forth a detailed procedure for the promulgation of these standards. Subsection (7) is one of several provisions with which the Secretary must comply when issuing regulations.

Plaintiffs interpret these two provisions as *mandating* the issuance of regulations concerning warning labels and the maintenance of accurate records on employee exposure to harmful materials. Under their interpretation these regulations are to be generic in nature and not dependent upon the issuance of a specific regulation con-

cerning a particular toxic substance or other health hazard. On September 27, 1976, plaintiffs filed a petition for rulemaking with the Secretary, requesting the issuance of standards which would require employers to inform employees of *all* chemicals used and produced in the workplace, regardless of the existence of section 6 regulation. Although the Secretary has informed the plaintiffs that such a standard is being developed, more than two years after their rulemaking request, the Secretary has failed to promulgate such a standard.

Defendant Secretary of Labor contends that, although these two provisions provide the basis for issuing a generic regulation, they do not compel the issuance of such a rule. The Court, however, need not determine whether the Secretary has the authority which he claims because it finds that the statutes in issue do not mandate the promulgation of the rule which plaintiffs have proposed.

First, section 8(c)(3) of the Act states that the Secretary "shall issue *regulations requiring* employers to maintain accurate records of employee exposures to potentially toxic materials or harmful physical agents *which are required to be monitored or measured under section 655* [section 6 of the Act] *of this title.*" 29 U.S.C. § 657(c)(3) (emphasis added). By its plain language, this provision only requires the Secretary to issue recordkeeping regulations for specific substances which are the subject of a rule promulgated pursuant to section 6, 29 U.S.C. § 655. Absent such a rule, the toxic material would simply not be one which is "required to be monitored" under section 6 of the Act. Because the mandatory portion of section 8(c)(3) is limited to specific materials which are the subject of regulation under section 6, plaintiffs' contention that the statute compels the Secretary to promulgate generic regulations is without a basis in law.

Likewise, section 6(b)(7) merely states, "Any standard promulgated *under this subsection* shall prescribe the use of labels or other appropriate forms of warning . . ." 29 U.S.C. § 655(b)(7) (emphasis added). The

words "this subsection" refer to subsection (b) of section 6, 29 U.S.C. § 655(b); this particular provision is the source of the Secretary's rulemaking authority for specific toxic materials and other hazardous agents. The Court reads the phrase "this subsection" as a limitation on the mandatory scope of section 6(b)(7). In other words, labeling is required when a specific rule on a dangerous substance is issued, but generic labeling is not compelled. Indeed, the Secretary has, in the past, similarly interpreted this provision and issued several labeling regulations. *See, e. g.*, 29 C.F.R. § 1910.-1010(e) (1979). Plaintiffs do not contest the validity of the regulations already issued; in fact, several of these warning requirements were specifically approved by the court of appeals for this circuit in *Industrial Union Department, AFL–CIO v. Hodgson,* 162 U.S.App.D.C. 331, 348, 499 F.2d 467, 484 (D.C. Cir. 1974). Thus, plaintiffs' claim under section 6(b)(7) is also without a basis in law.

Plaintiffs' complaint, at its heart, rests upon an interpretation of sections 6(b)(7) and 8(c)(3). The Court, however, is unable to accept plaintiffs' reading of these statutes and it finds that the compulsory portion of these provisions is limited in scope to substances which are the subject of a specific regulation under section 6(b). Simply put, the Secretary has no duty to perform the acts which plaintiffs have made the subject of litigation. Because the Secretary is not compelled to issue the generic regulations requested in plaintiffs' rulemaking petition, the complaint here must be dismissed for failure to state a claim.

Upon consideration of the entire record herein, it is, by the Court, this 12 day of February, 1980

ORDERED that plaintiffs' motion for summary judgment be, and the same hereby is, denied, and it is

FURTHER ORDERED that defendants' motion for summary judgment or, in the alternative, to dismiss be, and the same hereby is, granted, and it is

FURTHER ORDERED that plaintiffs' complaint be, and the same hereby is, dismissed for failure to state a claim.